People v Shaynak (2019 NY Slip Op 09310)





People v Shaynak


2019 NY Slip Op 09310


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2019-01637

[*1]People of State of New York, respondent,
v
Sean Shaynak, appellant. Paul Skip Laisure, New York, NY (Charity L. Brady of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Andrew Ayala of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), dated December 19, 2018, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.
ORDERED that the order is modified, on the law, by deleting the provision thereof designating the defendant a level three sexually violent offender, and substituting therefor a provision designating the defendant a level three sex offender; as so modified, the order is affirmed, without costs or disbursements.
In 2016, the defendant was convicted, upon his plea of guilty, of kidnapping in the second degree, two counts of disseminating indecent material to minors in the first degree, endangering the welfare of a child, four counts of official misconduct, and resisting arrest, all arising from his engagement in sexual activity with numerous teenage girls who were current or former students at the high school where he taught. At a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), conducted prior to the defendant's release from prison, the Supreme Court assessed the defendant 120 points, rendering him a presumptive level three sex offender. The defendant sought a downward departure from the presumptive risk level, citing as mitigating factors, inter alia, his successful completion of rehabilitation programs while incarcerated, his largely positive record as an inmate, his favorable employment prospects upon release, and his network of family and community support. The court denied the defendant's request for a downward departure and designated him a level three sexually violent offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter the Guidelines]). In the event that the defendant satisfies this twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid [*2]an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Brunjes, 174 AD3d 747; People v Dixon, 167 AD3d 1052).
Here, the alleged mitigating factors identified by the defendant either were adequately taken into account by the Guidelines or, under the totality of the circumstances of this case, did not warrant a downward departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v McKinney, 173 AD3d 1074, 1075; People v Somodi, 170 AD3d 1056, 1058; People v Jonas, 168 AD3d 775, 775-776; People v Baker, 163 AD3d 1007, 1008). Accordingly, we agree with the Supreme Court's determination denying the defendant's request for a downward departure from the presumptive risk level.
However, as the People concede, the Supreme Court erred in designating the defendant a sexually violent offender (see Correction Law § 168-a[3], [7][b]), and we have modified the order accordingly.
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court